UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08055-HDV-AGRx | Date | November 24, 2025 |
| Title | *David Brown v. Christopher Sean McGowan et al.* | | |

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS [9]**

Plaintiff David Brown, proceeding in pro per, filed this action in Los Angeles Superior Court in August 2025 alleging 19 different causes of action against Defendants Christopher Sean McGowan, Flesh 2021 LLC, and Perth Road Productions LLC. Complaint [Dkt. 1-1]. Plaintiff essentially avers, under breach of contract and tort theories, that he is owed money from a film financing loan he made to Defendants in 2021. *Id.* Defendants removed the action to this Court based on diversity jurisdiction. Notice of Removal [Dkt. 1].

Before the Court is Defendants' Motion to Compel Arbitration (the "Motion"), which argues that all the relevant contracts identified in and attached to the Complaint contain mandatory arbitration provisions requiring the action to be arbitrated at JAMS in Los Angeles County. Motion at 2 [Dkt. 9]. Plaintiff did not oppose the Motion nor appear at the hearing. *See* [Dkt. 10]. The Court nonetheless considers the merits of the Motion.

The Federal Arbitration Act, enacted in 1925, provides that an agreement to arbitrate disputes arising from "a contract evidencing a transaction involving commerce" shall be "valid, irrevocable, and enforceable." 9 U.S.C. § 2. "The court's role under the Act is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The "party seeking to compel arbitration has the burden under the FAA to show [these two elements]." *Ashbey v. Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460

U.S. 1, 24–25 (1983).  However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *AT&T Techs., Inc. v. Commc''ns Workers of Am.*, 475 U.S. 643, 648 (1986).

Although Plaintiff did not file an opposition to the Motion, the Complaint itself contains arguments opposing arbitration.  *See* Complaint ¶¶ 32–37.  Plaintiff acknowledges that the agreements at issue—and for which he alleges he is an assignee—contain arbitration provisions, but he asserts they should not be enforced here.  *Id.* ¶ 32.  Plaintiff argues, in relevant part, that (1) the tort claims he asserts are not within the scope of the arbitration provisions, and (2) he filed a Demand for Arbitration with JAMS in 2023, but Defendants refused to participate, therefore waiving the ability to compel arbitration now.  *Id.* ¶¶ 34, 36.  In support of the contention, Plaintiff's Complaint attaches a printout of a demand for arbitration submitted to JAMS in May 2023.  *Id.* ¶ 36, Ex. O.

The Court rejects both of these arguments.

First, the scope of the arbitration provisions in each of the three agreements attached to the Complaint is broad.  Two of the agreements contain identical provisions that provide:

> All controversies, claims, disputes, or counterclaims between the parties hereto concerning, based in any way upon, arising under, relating to, or arising in connection with this Agreement, or any resulting transaction, including, but not limited to, their respective obligations hereunder, a disagreement about the meaning, interpretation, application, performance, breach, termination, enforceability, or validity of this Agreement, and whether based on statute, tort, contract, common law or otherwise, shall be subject to and resolved by binding arbitration conducted under the auspices of the JAMS. . . .

*Id*., Ex. B at 2, Ex. C at 14.  *See also id*., Ex. A at 5 ("All disputes shall be submitted to confidential final and binding arbitration.").  Plaintiff's claims, comprised of breach of contract and tort claims, clearly fit within the scope of the arbitration provisions.

Second, Plaintiff has not rebutted Defendants' showing that the initial request for arbitration was essentially abandoned.  Defendant McGowan states that while Plaintiff emailed him a copy of the demand printout, he subsequently did not receive any other communication or document concerning the matter.  Supplemental Declaration of Christopher McGowan ("McGowan Decl.") ¶¶ 8–10 [Dkt. 11].  McGowan has no knowledge, and the Complaint does not allege, that Plaintiff ever responded to JAMS's request for filing fees or to appoint an arbitrator.  *Id*. ¶ 11.  The Court therefore finds that there is no evidence to show that Defendants refused to participate in arbitration in 2023.

* * *

For the foregoing reasons, the Court grants Defendants' Motion to Compel Arbitration.  The action is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).

**IT IS SO ORDERED.**